# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ANTHONY MARTEL ROBINSON**                                                                 **PLAINTIFF**

**VS.**                                                            **CIVIL ACTION NO.: 4:15-cv-104-DMB-JMV**

                                                                                                                    **DEFENDANTS**

**ZACKERY WHEELER, WHEELER SUPPORTIVE
SERVICES, INC., and 1 WHEELER TRUCKING
COMPANY, LLC**

## ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal for lack of federal jurisdiction as explained hereafter.[1] Dismissal may be avoided by amendment of the notice of removal within five (5) days of the date of this order, asserting an appropriate basis for federal court jurisdiction.

The notice of removal in this case purports to found federal jurisdiction on diversity of citizenship under 28 U.S.C. § 1332, but it does not adequately identify the citizenship of the parties. "The party asserting diversity jurisdiction must 'distinctly and affirmatively allege[ ]' the citizenship of the parties." *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807 (W.D. Tex. 2008) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)). When an original petition for removal fails to specifically allege the citizenship of the parties to properly assert diversity jurisdiction, the removal petition may be amended to cure such jurisdictional deficiency. *See D. J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146-47 (5th Cir. 1979). The Notice of Removal [1] states "Defendant 1 Wheeler Trucking Company, LLC, is, and was at the time of the filing of this lawsuit, a corporation formed under

---

[1] Although Plaintiff has not raised the issue of a failure in this respect, the Court must make an independent inquiry into its jurisdiction. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (Ginsburg, J., dissenting) (citing *Bender v. Willamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

the laws of North Carolina, with its principal place of business in Charlotte, North Carolina." The Notice makes no reference, however, to the citizenship of the LLC members. For diversity jurisdiction purposes, a limited liability company's citizenship is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Thus, it does not appear on the face of the notice of removal that this Court has subject matter jurisdiction. As noted, this defect in the allegations of the Notice may be corrected by the filing, within five (5) days of the date of this order, of an amended notice of removal asserting the citizenship[2] of the parties--at the time of filing of the notice of removal--and establishing complete diversity. Failure to do so will result in the Court dismissing this case for lack of subject matter jurisdiction.

**SO ORDERED** this, the 20th day of August, 2015.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[2] "For purposes of diversity jurisdiction, the domicile of the parties as opposed to their residence, is the key." *Combee v. Shell Oil Co.,* 615 F.2d 698, 700 (5th Cir. 1980).