IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ANTHONY MARTEL ROBINSON                                 PLAINTIFF

V.                                                NO. 4:15-CV-00104-DMB-JMV

ZACKERY WHEELER, ET AL.                                     DEFENDANTS

**OPINION AND ORDER**

Before the Court are Defendant 1 Wheeler Trucking Company, LLC's motion to dismiss, Doc. #9; Defendants Wheeler Supportive Services, Inc., and Zackery Wheeler's motion to dismiss, Doc. #14; Plaintiff Anthony Robinson's Second Amended Motion to Remand, Doc. #20; and Robinson's motion to strike, Doc. #44. For the reasons that follow, the motion to remand will be granted and the remaining motions denied as moot.

**I**
**Factual Background**

This case arises from a contractual arrangement under which Anthony Robinson was hired to transport cargo utilizing a tractor-trailer owned by Defendants. On October 3, 2014, Robinson, "a resident citizen of … Mississippi," was involved in a single-vehicle trucking accident in Monteagle, Tennessee. Doc. #2 at ¶¶ 1, 10, 18. Robinson alleges that while making "his de[s]cent down Monteagle mountain," the brakes on his tractor-trailer failed. *Id.* at ¶ 10. Robinson contends that in order to avoid a collision with other vehicles on the highway, he steered the tractor-trailer "over the [highway] guardrail and down a steep embankment." *Id.* "[A]s the tractor-trailer went over the embankment, … [Robinson] jumped from the cab and was severely injured." *Id.* at ¶ 11. Robinson's alleged injuries include "a severe head injury, cuts, bruises, and other related injuries." *Id.* at ¶ 12.

# II
# Procedural Background

On March 11, 2015, Robinson filed suit in the Circuit Court of Montgomery County, Mississippi, against 1 Wheeler Company, LLC ("1 Wheeler"), Zackery Wheeler, and Wheeler Supportive Services, Inc. ("Wheeler Services"), alleging causes of action for negligence, gross negligence, and breach of contract. *Id*. at ¶¶ 13–32. On August 14, 2015, 1 Wheeler removed the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1332(a). Doc. #1. In its notice of removal, 1 Wheeler alleges complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. *Id*. Three days later, on August 17, 2015, Wheeler Services and Zackery, "only as sole shareholder of Wheeler Supportive Services, Inc.," filed a notice of joinder and consent to 1 Wheeler's removal notice. Doc. #5 at 1.

On August 20, 2015, United States Magistrate Judge Jane M. Virden ordered 1 Wheeler to supplement its Notice of Removal with information concerning "the citizenship of [its] LLC members."[1] Doc. #7 at 2. The next day, 1 Wheeler filed an Amended Notice of Removal providing the citizenship of its members, and a Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, Motion to Dismiss for Improper Venue. Doc. #8; Doc. #9. Three days later, based on 1 Wheeler's jurisdictional challenge, Magistrate Judge Virden entered an order staying the proceeding "pending a ruling on the motion to dismiss for lack of jurisdiction." Doc. #11.

On September 3, 2015, Robinson moved for an order granting jurisdiction-related discovery and an extension of time to respond to 1 Wheeler's motion to dismiss. Doc. #13. On September 11, 2015, Wheeler Services and Zackery, "as owner and sole shareholder of Wheeler

---

[1] "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653.

Supportive Services, Inc.," filed a Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, Motion to Dismiss for Improper Venue. Doc. #14 at 1. The same day, Robinson filed a Motion to Remand. Doc. #16. On September 14, 2015, Wheeler Services and Zackery, "as owner and sole shareholder of Wheeler Supportive Services, Inc.," filed a second notice of joinder and consent. Doc. #17. Also that day, Robinson filed an Amended Motion to Remand. Doc. #19. Two days later, Robinson filed a Second Amended Motion to Remand, which included a minor change to the facts section of his motion and the addition of two exhibits. Doc. #20.

On September 22, 2015, Magistrate Judge Virden entered an order allowing Robinson forty-five days of jurisdiction-related discovery and ordering that Robinson's response to 1 Wheeler's motion to dismiss would be due 14 days after the close of the discovery period. Doc. #26 at 1–2. Before the jurisdiction-related discovery period concluded, 1 Wheeler withdrew its objection to personal jurisdiction, mooting the need for such discovery and leaving only its venue challenge for the Court's consideration. Doc. #34.

On October 12, 2015, the parties filed a joint stipulation dismissing without prejudice Wheeler Services and Zackery, "as owner and sole shareholder of Wheeler Support[ive] Services, Inc." Doc. #36 at 1. That same day, Robinson filed a motion seeking entry of an order setting a response deadline as to the remaining issue of improper venue, deeming the personal jurisdiction objection withdrawn, and deeming moot the propounded jurisdictional discovery. Doc. #37 at 3. Before the Court ruled on the motion, Robinson responded to 1 Wheeler's motion to dismiss, and 1 Wheeler filed its reply in support of the motion. Doc. #40; Doc. #42.[2]

---

[2] These filings have been "deemed timely filed." Doc. #46 at 2.

Robinson subsequently filed a motion to strike 1 Wheeler's motion to dismiss and reply. Doc. #44. The motion to strike is now fully briefed. *See* Doc. #47 (response); Doc. #49 (reply).

The Court will first address the motion to remand. *See H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 675 n.2 (S.D. Ohio 2014) (explaining that "motion to remand must be resolved before … motion[s] to dismiss").

## III
## Second Amended Motion to Remand

In his Second Amended Motion to Remand,[3] Robinson makes four arguments: (1) 1 Wheeler's notice of removal was untimely filed, Doc. #20 at ¶¶ 21–33; (2) removal was effected under 28 U.S.C. § 1446(d), *id.* at ¶¶ 34–35; (3) 1 Wheeler should be equitably and judicially estopped from removing the case as a later served defendant, *id.* at ¶ 36; and (4) 1 Wheeler's notice of removal violates the rule of unanimity, *id.* at ¶¶ 14–20.

### A
### Standard

A defendant may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate*

---

[3] A motion to remand based on any procedural defects, such as those raised by Robinson, must be brought within 30 days of the filing of the notice of removal. 28 U.S.C. § 1447(c). Robinson timely filed his Motion to Remand and Amended Motion to Remand. Doc. #16; Doc. #19. Two days beyond the 30-day window, Robinson filed a Second Amended Motion to Remand, which differs from the Amended Motion to Remand in two respects. Doc. #20. First, the Second Amended Motion to Remand includes a slight change to paragraph 6 in the background section of the motion. *Id.* at ¶ 6. Second, Robinson attached two exhibits to the motion. Doc. #20-1; Doc. #20-2. These same exhibits were also attached to the original Motion to Remand. *See* Doc. #16-1; Doc. #16-2. Because the Second Amended Motion to Remand is substantially similar to Robinson's timely filed Motion to Remand and Amended Motion to Remand, the Court will consider the merits of the Second Amended Motion to Remand. *See Reyes v. Kroger Tex., LP*, No. 3:10-CV-922-B, 2010 WL 4316084, at *2 (N.D. Tex. Oct. 2, 2010), *report and recommendation adopted*, No. 3:10-CV-922-B, 2010 WL 4321585 (N.D. Tex. Oct. 25, 2010) (overruling objection to untimely filed amended motion to remand because "the second amended motion is substantially the same as the original motion and Defendant has had an opportunity to respond fully"); *Esteban v. State Farm Lloyds*, 23 F. Supp. 3d 723, 727 (N.D. Tex. 2014)(considering untimely filed amended motion to remand where original motion was timely filed and amended motion was substantially similar to original motion).

4

*Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

To remove an action to federal court from state court, a defendant must file a notice of removal "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "Promptly after the filing of [the] notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Under 28 U.S.C. § 1446(b)(1), the removal of a case is timely if filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The "defendant's thirty-day removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels." *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)). Though removal is a question of federal law, proper service is defined by state law. *Clarksdale*, 428 F.3d at 210–11. Improper service on a defendant does not start the thirty-day time period for removal. *See Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 304 (5th Cir. 2014).

In cases with multiple defendants, the rule of unanimity requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action" to federal court. 28 U.S.C. § 1446(b)(2)(A); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) ("all defendants who are properly joined and served must join in

5

the removal petition, and that failure to do so renders the petition defective") (internal citations omitted). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removable." 28 U.S.C. § 1446(b)(2)(C). "The earlier-served defendant[s] must consent to removal prior to the expiration of the later-served defendant's thirty-day deadline to remove the action." *Rouege Trucking, LLC v. Canales*, No. CIV.A. 14-304-JJB, 2015 WL 127870, at *4 (M.D. La. Jan. 7, 2015) (citing *Andrews v. AMERCO*, 920 F. Supp. 2d 696, 702 (E.D. La. 2013)); *see also Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) ("in order to comply with the requirements of § 1446, all served defendants must join in the removal petition filed prior to the expiration of the removal period") (citation omitted).

The rule of unanimity "simply requires that there be 'some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect *and to have the authority to do so*, that it has actually consented to such action.'" *Gillis*, 294 F.3d at 759 (citing *Getty Oil*, 841 F.2d at 1262 n.11) (emphasis in original). "[E]ach defendant must consent to removal 'officially,' 'affirmatively' and 'unambiguously.'" *Spillers v. Tillman*, 959 F. Supp. 364, 372 (S.D. Miss. 1997) (citing *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 508–09 (E.D. Va. 1992)). Importantly, in evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

## 1
## Timeliness

Robinson first contends that 1 Wheeler failed to file its Notice of Removal within 30 days of receiving notice that the lawsuit had been filed. Doc. #20 at ¶¶ 21–33.

1 Wheeler has provided proof that its counsel accepted service of the summons and complaint on July 17, 2015, after Robinson was unable to locate 1 Wheeler's registered agent for service. Doc. #1-3. Robinson does not contest this proof of service. Instead, he argues that the 30-day period should begin to run from April 24, 2015, the date that 1 Wheeler's members, Zackery and Wheeler Services, were served with their respective summons and complaint. Doc. #20 at ¶¶ 21–33. Robinson contends this provided 1 Wheeler with actual notice sufficient to commence the 30-day removal period, especially since 1 Wheeler "had no valid registered agent." *Id*. at ¶ 30 n.3. Robinson provides no authority in support of this argument.

As explained in *Clarksdale*, the 30-day removal period commences on formal service of process, which is defined by state law. *See* 428 F.3d at 210–11. Under Mississippi law, as is relevant here,[4] formal service of process requires that each defendant be served with a summons and complaint. *See* Miss. R. Civ. P. 4. Notably, "[a]fter an action is commenced, the clerk is required to issue a separate summons for each defendant ...." *Fletcher v. Limeco Corp.*, 996 So. 2d 773, 777 (Miss. 2008) (citation omitted); *see also* Miss. R. Civ. P. 4(b) (summons must "be directed to the defendant"). Thus, failure to serve a separate summons and complaint on an individual defendant renders service of process insufficient for that defendant. *Id*. at 777–78. This is so because the summons "must unequivocally notify the defendant that he is being sued

---

[4] The Court looks to Mississippi law for this service of process issue because this suit was originally filed in Mississippi state court. *See Clarksdale*, 428 F.3d at 210 n.6 (applying Mississippi law and explaining, "For a federal district court to have jurisdiction over a case removed from state court, the state court must first have jurisdiction. For this reason, we look to state law to verify that service of process effectively brought the defendant within the state court's jurisdiction.") (internal citations omitted).

in a certain court, and apprise him when he is required to answer or appear." *W. Tar Prods. Corp. v. Alton Sheet Metal & Roofing Works, Inc.*, 515 So. 2d 932, 935 (Miss. 1987) (citation omitted). Consequently, "actual knowledge by a defendant of the pendency of a suit against him is immaterial, 'unless there has been a legal summons or a legal appearance.'" *Brown v. Riley*, 580 So. 2d 1234, 1237 (Miss. 1991) (quoting *McCoy v. Watson*, 122 So. 368, 370 (Miss. 1929)); *see also Jowers v. Lincoln Elec. Co.*, No. 07-WF-17010, 2008 WL 80063, at *3 (N.D. Miss. Jan. 4, 2008) (citing *Mosby v. Gandy*, 375 So.2d 1024, 1027 (Miss. 1979)) ("[e]ven actual knowledge by a defendant of the lawsuit does not excuse proper service of process").

The proofs of service executed as to Zackery and Wheeler Services indicate that only those parties were served with a summons and complaint. Doc. #1-4; Doc. #43. There is no evidence that Zackery or Wheeler Services ever accepted service of a summons and complaint on behalf of 1 Wheeler. Thus, at best, formal service of process on Zackery and Wheeler Services could have only provided 1 Wheeler with actual knowledge of this lawsuit. Because actual knowledge does not amount to formal service of process under Mississippi law, service on Zackery and Wheeler Services was insufficient to commence the 30-day removal period as to 1 Wheeler.

Based on these facts and the record now before the Court, 1 Wheeler was formally served with process on July 17, 2015, the date its attorney accepted service of the summons and complaint. As a result, the 30-day removal period began to run on July 17, 2015; thus, 1 Wheeler's Notice of Removal, filed on August 14, 2015, was timely.[5]

---

[5] Robinson seems to concede this point in his reply brief. *See* Doc. #39 at ¶ 6 (recognizing "July 17, 2015 [as the] triggering date for removal").

## 2
## Removal Effected

Robinson next contends that remand is required because 1 Wheeler failed to file the Amended Notice of Removal with the state court. Doc. #20 at ¶¶ 34–35. In support of this contention, Robinson argues that because the Notice of Removal contained a deficiency (failure to properly allege citizenship of LLC members), 1 Wheeler could only effectuate removal under 28 U.S.C. § 1446(d) by filing a copy of the Amended Notice of Removal in the state court. *Id*. This argument misses the mark.

Under 28 U.S.C. § 1446(d), "removal is effected by the defendant taking three procedural steps: filing a notice of removal in the federal court, filing a copy of this notice in the state court, and giving prompt written notice to all adverse parties." 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3736 (4th ed.) (citing U.S.C. § 1446(d)) (internal footnotes omitted). "While the statute requires that the removing defendant give notice to the court and all parties, … Fifth Circuit case law consistently suggests that the state court is divested of jurisdiction when the state court receives either actual or constructive notice of the removal." *McAdams v. Medtronic, Inc.*, No. CIV. A. H-10-2336, 2010 WL 2710393, at *2 (S.D. Tex. July 7, 2010) (collecting cases).

1 Wheeler filed its Notice of Removal in federal court on August 14, 2015, and on August 17, 2015, the Montgomery County Circuit Clerk's Office received a copy of the notice.[6] Doc. #1; Doc. #20 at ¶ 34. The moment 1 Wheeler filed the Notice of Removal in the state court, the state court lost its jurisdiction and removal was effected. *See York v. All Aboard America! Holding Inc.*, No. CIV.A. 15-00251-BAJ, 2015 WL 4068218, at *3 (M.D. La. July 2,

---

[6] In the Notice of Removal, 1 Wheeler represents that "all adverse parties are being provided with written notice of removal." Doc. #1 at ¶ 9. And, in its response to the Amended Motion to Remand, 1 Wheeler represents that it "provided notice of removal to Plaintiff." Doc. #35 at ¶ 16. Robinson does not dispute these facts.

2015) (citing 28 U.S.C. § 1446(d)) ("The state court loses jurisdiction, and the federal court gains exclusive jurisdiction, when the removing defendant[] file[s] a copy of the notice of removal with the state clerk of court."). The fact that 1 Wheeler filed a subsequent Amended Notice of Removal in this Court to correct a deficiency present in its original notice has no bearing on this determination. *See Noland v. Energy Res. Tech., Inc.*, No. 3:12-CV-00330, 2013 WL 177446, at *7 (S.D. Tex. Jan. 16, 2013) ("regardless of whether … removal was procedurally proper, once it filed its notice of removal and notified the proper parties, this matter was pending in federal court"). Indeed, if 1 Wheeler filed the Amended Notice of Removal in the state court, such filing would be disregarded as void. *McAdams*, 2010 WL 2710393, at *3 (citing *Medrano v. State of Texas*, 580 F.2d 803, 804 (5th Cir. 1978)) ("[O]nce the state court has notice of the removal any further proceedings in the state court action are void.").

For these reasons, the Court finds that removal was effected on August 17, 2015.

### 3
### Estoppel and Later-Served Defendant

Robinson next argues:

> 1 Wheeler Trucking Company, LLC should be equitably and judicially estopped from removing this action as the "later served defendant", where other defendants in privity with 1 Wheeler Trucking Company, LLC had already allowed the 30 [day] window for removal to expire, and where 1 Wheeler Trucking Company, LLC continues to assert affirmative defenses regarding process and service of process.

Doc. #20 at ¶ 36. Robinson offers no authority in support of this argument, and 1 Wheeler does not address the argument in its response. The Court nonetheless finds this argument unpersuasive.

Although Robinson mentions both equitable and judicial estoppel, his argument concerns only judicial estoppel. This is so because Robinson has not put forth any argument that he

detrimentally relied on 1 Wheeler's supposed affirmative defenses regarding process and service of process. *See USLIFE Corp. v. U.S. Life Ins. Co.*, 560 F. Supp. 1302, 1304 (N.D. Tex. 1983) ("Equitable estoppel focuses on the relationship between the parties to the prior litigation, and it applies where one of the parties has detrimentally relied upon the position taken by the other party in the earlier proceeding.") (citation omitted). To the contrary, Robinson's argument focuses only on an alleged inconsistent position that 1 Wheeler has taken in this litigation. *See, e.g.,* Doc. #20 at ¶ 36 ("1 Wheeler Trucking Company, LLC's attempt to simultaneously act as a putative later served defendant, while maintaining that it has defenses to service and service of process and to timely service should be resolved in favor of remand."). This is a prototypical judicial estoppel argument. *See USLIFE Corp.*, 560 F. Supp. at 1304 ("[J]udicial estoppel is an equitable principle which generally operates to preclude a party from asserting a position in a legal proceeding inconsistent with a position taken by that party in the same or a prior litigation.") (citation omitted). The Fifth Circuit has explained that "[a] court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." *Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (citation omitted). Robinson has not offered any argument or evidence that either the state court or this Court has ruled upon 1 Wheeler's purported affirmative defense regarding service of process. This prohibits the Court from applying judicial estoppel. *Id*.

Robinson does not otherwise contest 1 Wheeler's status as the later-served defendant. Nor could he because, as explained above, Zackery and Wheeler Services were served on April 24, 2015, and 1 Wheeler was not served until July 17, 2015.

In short, Robinson's estoppel arguments fail.

## 4
## The Rule of Unanimity

Finally, Robinson contends that 1 Wheeler's removal violates the rule of unanimity. He argues that Zackery and Wheeler Services failed to timely join or consent to 1 Wheeler's Amended Notice of Removal. Doc. #20 at ¶¶ 14–20. In response, 1 Wheeler concedes that its Amended Notice of Removal "did not explicitly re-state the consent of [Zackery and Wheeler Services]" but argues unanimity nonetheless exists because Zackery and Wheeler Services filed a "'written indication' of actual consent … on August 17, 2015—within 30-days of service of process on 1 Wheeler." Doc. #35 at ¶¶ 17, 20. In reply, Robinson re-urges his argument that Zackery and Wheeler Services never consented to the Amended Notice of Removal and additionally argues that "[t]he defective Notice of Removal does not include a removal consent or joinder by Zackery Wheeler in his individual capacity."[7] Doc. #39 at ¶ 6.

As for Robinson's initial argument, 1 Wheeler is correct. The salient inquiry is not whether Zackery and Wheeler Services timely consented to the Amended Notice of Removal; it

---

[7] Robinson first articulated his argument concerning the capacity in which Wheeler consents in his reply brief. Ordinarily, this Court does not consider arguments raised for the first time in a reply brief. *See Campbell v. City of Indianola*, __ F. Supp. 3d __, 2015 WL 4509508, at *16 n.13 (N.D. Miss. 2015). However, because the removing party carries the burden of demonstrating the propriety of the removal and the lack of unanimity was raised in the timely filed motion to remand, the Court will nonetheless consider the argument. Indeed, so long as a motion to remand is timely filed, the Court may remand for any procedural defect, even if not specifically raised in the motion to remand. As explained by one court:

> Even though Petitioner did not specifically raise this procedural ground in his Motion to Remand, by filing a Motion to Remand within 30 days of removal Petitioner has "explicitly refused to 'acquiesce' to the choice of forum." *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 285 (5th Cir. 2004). The Court may therefore properly address any procedural defects in removal, even if not raised in the Motion to Remand, without "usurp[ing] its congressionally mandated role...." *Id.*; *see also BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 471 (5th Cir. 2012) (holding that *Schexnayder* and § 1447(c)'s text make clear that what matters is the timing of a motion to remand; if the motion is timely filed within 30 days of removal, the district court may remand based on any removal defect under § 1447(c)).

*In re Beasley*, No. 1:15-CV-262-HSO-JCG, 2015 WL 5838188, at *4 (S.D. Miss. Oct. 7, 2015).

is whether Zackery and Wheeler Services filed an unambiguous written indication of their consent before the expiration of the removal period.

Here, the removal period expired on August 17, 2015—30 days after 1 Wheeler was served with process; thus, Zackery and Wheeler Services had until August 17 to join or consent to the removal.[8] *See Rouege Trucking*, 2015 WL 127870, at *4 (explaining earlier-served defendants must consent within later-served defendants 30-day removal period). Zackery and Wheeler Services timely filed a written consent on August 17, 2015. Doc. #5. The fact that 1 Wheeler subsequently amended its notice of removal did not render this written consent ineffective. *See New England Wood Pellet, LLC v. New England Pellet*, LLC, 419 B.R. 133, 142 (D.N.H. 2009) (internal citation omitted) ("Given that each defendant must affirmatively consent to removal in order to satisfy the unanimity requirement of § 1446, … it would seem to follow that *consent to removal, once given, can be effectively withdrawn only by a similar affirmative act*.") (emphasis added). However, if Robinson is correct that Wheeler has not consented to the removal in his individual capacity, remand will be required.

As explained above, Zackery was served with process on April 24, 2015.[9] The relevant Proof of Service does not specify that Zackery was served in any capacity other than his

---

[8] Contrary to Robinson's belief, the Court's August 20, 2015, order allowing 1 Wheeler to correct its jurisdictional allegations within five days did not alter the deadline for the earlier-served defendants to consent to the removal. *See* Doc. #20 at ¶ 18 (arguing, "No other properly joined defendant consented to or joined in the *Amended Notice of Removal* within the time limit set by the court."); *see also* Doc. #7. Consequently, any consent filed after August 17, 2015, such as the written consent filed on September 14, 2015, *see* Doc. #17, is untimely and of no effect. *See Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 978 (S.D. Ohio 2003) ("failure to consent in a timely manner [is] not … curable after the expiration of the time for removal").

[9] In its Notice of Removal and Amended Notice of Removal, 1 Wheeler represents that "Plaintiff has not served Defendant Zackery Wheeler." Doc. #1 at ¶ 5; Doc. #8 at ¶ 3. The Proof of Service that Robinson attached to his Motion to Remand undermines these representations. Doc. #16-1 (Zackery served April 24, 2015); *see also* Doc. #43 (indicating Zackery Proof of Service filed with state court on June 15, 2015). Significantly, in response to Robinson's argument concerning unanimity, 1 Wheeler does not contend that the unanimity requirement is invalid, that such requirement does not apply here, that Robinson waived this argument, that Zackery's consent was unnecessary because he is a nominal party or was fraudulently joined or was not properly served with process prior to removal, or the like. *See* Doc. #35 at ¶¶ 17–22. Instead, 1 Wheeler's sole contention in response to Robinson's

individual capacity. *See* Doc. #16-1. Similarly, the complaint does not indicate that Zackery is being sued in any capacity other than his individual capacity. Doc. #2. In other words, based on the record presently before the Court, Zackery was only sued and served in his individual capacity. Thus, 1 Wheeler was required to timely obtain Zackery's consent in his individual capacity to satisfy the rule of unanimity. *See In re Beazley Ins. Co.*, No. 09-20005, 2009 WL 7361370, at *4 (5th Cir. May 4, 2009) ("All defendants who are properly joined and served must join in the removal petition, and ... failure to do so renders the petition defective.") (citation omitted).

The text of Zackery's written position regarding 1 Wheeler's removal notice states:

> **JOINDER AND CONSENT OF ZACHERY WHEELER AND WHEELER SUPPORTIVE SERVICES, INC. TO NOTICE OF REMOVAL**
>
> Defendants Zachery Wheeler only as sole shareholder of Wheeler Supportive Services, Inc. and Wheeler Supportive Services, Inc., join in and consent to the Notice of Removal filed in this case, and incorporates the grounds asserted as their own.
>
> This the 17th day of August, 2015.
>
> Respectfully submitted,
>
> ZACHERY WHEELER AS SOLE SHAREHOLDER OF WHEELER SUPPORTIVE SERVICES, INC. AND WHEELER SUPPORTIVE SERVICES, INC.
>
> BY: /s/ *Roy A. Smith, Jr.*
>     OF COUNSEL

Doc. #5. This filing cannot be construed to convey Zackery's official, affirmative, and unambiguous consent to removal.

Zackery's inclusion of the language, "only as sole shareholder of Wheeler Supportive Services, Inc.," renders his attempted consent a nullity. By using the phrase "only as sole shareholder," Zackery indicated his intent to only consent in one capacity to the exclusion of all

---

unanimity objection is that this requirement is satisfied by the written consent that was filed on August 17, 2015. *Id.* Put differently, 1 Wheeler has effectively conceded that it was required to obtain Zackery's joinder or consent.

14

other capacities.[10] Giving effect to this limiting language, the Court discerns that Zackery consented to the removal *only* in his representative capacity as an agent of Wheeler Services.[11] In other words, Zackery failed to consent to the notice of removal in an individual capacity—the only capacity in which he was sued; thus, only Wheeler Services has sufficiently consented to the removal. *See, e.g., Royal v. Fontenot*, No. CIV.A. 09-0835, 2010 WL 4068868, at *3 (W.D. La. Oct. 14, 2010) ("Insofar as it is a separate business entity, an official, affirmative, and unambiguous consent to Ronald Fontenot's removal was required of Compro Tax regardless of its relationship with the individually named defendant and whether or not the same attorney represented both."); *see also In re Asbestos Prods. Liab. Litig. (No. VI)*, No. 2:09-CV-60001, 2009 WL 8520132, at *1 n.1 (E.D. Pa. Apr. 24, 2009) ("Since the language of the … letter is ambiguous, and could even be read to deny consent to removal, the letter is insufficient to convey consent.").

Moreover, because the same limiting language is included in the signature line of Zackery's counsel, Roy A. Smith, Jr., ambiguity exists concerning whether Smith is authorized to represent Zackery in his individual capacity. This ambiguity must be construed in favor of

---

[10] The Court's interpretation of the "only as sole shareholder" limiting language is supported by the later filings of the parties. As explained above, the parties jointly filed a stipulation of dismissal on October 12, 2015, dismissing Wheeler Services and Zackery "as owner and sole shareholder of Wheeler Support[ive] Services, Inc." Doc. #36. In a separate motion filed the same day as the stipulation, Robinson described the parties' understanding of the stipulated dismissal as follows:

> The parties have agreed to a dismissal without prejudice of Zackery Wheeler in his capacity as owner and sole shareholder of Wheeler Supportive Services, Inc. and dismissal without prejudice of Wheeler Supportive Services, Inc. (docket 36). Going forward, the remaining defendants are: (1) Zackery Wheeler in his individual capacity and (2) 1 Wheeler Trucking Company, LLC.

Doc. #37 at ¶ 8. Notably, none of the parties responded to this motion or indicated a different understanding of the stipulation of dismissal. This further supports the Court's interpretation that the "only as sole shareholder" language was intended to invoke some capacity other than Zackery's individual capacity.

[11] Zackery may well have included this language in an attempt to limit his individual liability because generally, an agent is not liable when he acts on behalf of a disclosed principal. *See Gray v. Edgewater Landing, Inc.*, 541 So. 2d 1044, 1047 (Miss. 1989) ("As agents for a disclosed principal, however, they incur no individual liability, absent fraud or other equivalent conduct."). While this may be a strong argument to make in a dispositive motion, this type of agency distinction in the written consent only creates confusion and ambiguity.

remand. *See Ramirez v. Lowe's Home Ctrs. LLC*, No. 2:15-CV-202, 2015 WL 4488659, at *2 (S.D. Tex. July 22, 2015) (citing *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42–43 (5th Cir. 1992) ("Any ambiguities and all disputed questions of fact are construed against removal because the removal statute should be strictly construed in favor of remand.")).

For these reasons, the Court cannot conclude that Zackery timely offered his official, affirmative, and unambiguous consent to 1 Wheeler's removal. This matter therefore must be remanded. *See Alford v. Chevron U.S.A. Inc.*, No. CIV.A. 13-5457, 2014 WL 37600, at *3 (E.D. La. Jan. 6, 2014) (citing *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011)) (If adequate "written consent on the part of all defendants is lacking when the thirty-day removal period elapses, the notice of removal is deemed defective and the *case must be remanded*.") (emphasis added); *see also Crowley v. Amica Mut. Ins. Co.*, No. 12–CV–0775, 2012 WL 3901629, at *3 (E.D. La. Sep. 7, 2012) ("[C]ourts applying *Getty Oil* have remanded cases for lack of written consent when the nonmoving defendants submitted affidavits attesting to their consent after the 30-day period for removal had ended.").

## B
## Remaining Motions

Insofar as this case must be remanded, the pending motions to dismiss and motion to strike will be denied as moot.

## IV
## Conclusion

For the reasons explained above: (1) 1 Wheeler Trucking Company, LLC's motion [9] to dismiss is **DENIED as moot**; (2) Wheeler Supportive Services, Inc., and Zackery Wheeler's motion [14] to dismiss is **DENIED as moot**; (3) Anthony Robinson's Second Amended Motion

[20] to Remand is **GRANTED**; and (4) Robinson's motion [44] to strike is **DENIED as moot**.

This matter is **REMANDED** to the Circuit Court of Montgomery County, Mississippi.

    **SO ORDERED**, this 12th day of February, 2016.

                                           **/s/Debra M. Brown**
                                           **UNITED STATES DISTRICT JUDGE**