**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ANTHONY MARTEL ROBINSON**                                                                                    **PLAINTIFF**

**V.**                                                                                                        **NO. 4:15-CV-104-DMB-JMV**

**ZACKERY WHEELER,
WHEELER SUPPORTIVE SERVICES, INC.,
1 WHEELER TRUCKING COMPANY, LLC, and
JOHN DOES 1–10**                                                                                              **DEFENDANTS**

**ORDER DENYING MOTION FOR RECONSIDERATION**

On February 12, 2016, the Court granted Anthony Martel Robinson's motion to remand, agreeing with Robinson that the notice of removal filed by 1 Wheeler Trucking Company, LLC ("1 Wheeler"), failed to satisfy the rule of unanimity.[1] Doc. #51. Thereafter, on February 25, 2016, "1 Wheeler Trucking Company, LLC's Motion for Reconsideration, or in the Alternative, Motion to Vacate Order on Remand and Deny Remand with Prejudice" was filed, which seeks reconsideration of the remand order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Doc. #52. Upon consideration of the motion, Robinson's response, Doc. #54, and 1 Wheeler's reply, Doc. #56,[2] the motion for reconsideration will be denied.

**I
Jurisdiction**

A § 1447(c) order of remand is not self-executing. Section 1447(c) provides in pertinent part that upon the determination that a case should be remanded, "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." *McClelland v. Gronwaldt*, 155 F.3d 507, 514 n.15 (5th Cir. 1998),

---

[1] The reasons underlying the ruling are set forth in the remand order.

[2] The Court's consideration included the supporting memoranda filed by the parties. *See* Doc. #53; Doc. #55.

*overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003) (quoting 28 U.S.C. § 1447(c)). This provision creates legal significance in the mailing of a certified copy of the remand order in terms of determining the time at which the district court is divested of jurisdiction. *Id.* (citing discussion and references in *Browning v. Navarro*, 743 F.2d 1069, 1078–79 (5th Cir. 1984)). "On that basis, the federal court is not divested of jurisdiction until the remand order, citing the proper basis under § 1447(c), is certified and mailed by the clerk of the district court."[3] *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001).

In this case, the Clerk of this Court has not yet mailed a certified copy of the order of remand to the Clerk of the Circuit Court of Montgomery County, Mississippi. Consequently, the Court retains jurisdiction to act on 1 Wheeler's motion for reconsideration.

## II
## Reconsideration Standard

"The Federal Rules of Civil Procedure do not explicitly recognize a motion to reconsider. However, [district courts] consider such motions under Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment), when they are filed within twenty-eight days of the challenged judgment or order." *Garcia v. Premier Home Furnishings*, No. 2:12CV167-KS-MTP, 2013 WL 6001345, at *1 (S.D. Miss. Nov. 12, 2013) (collecting cases). This rule is applicable here because 1 Wheeler filed its motion to reconsider thirteen days after the entry of the order granting remand.

---

[3] "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise …." 28 U.S.C. § 1447(d). Section "1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c)—lack of subject matter jurisdiction or procedural defects in removal—are immune from review under § 1447(d)." *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, 796 F.3d 520, 524–25 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 896 (2016) (internal quotation marks and citation omitted). "Defects in the removal process … may include procedural defects such as a failure to join or obtain consent to the removal from the other properly joined and served defendants." *Penson Fin. Servs., Inc. v. Golden Summit Inv'rs Grp., Ltd.*, No. 3:12-CV-300-B, 2012 WL 2680667, at *3 (N.D. Tex. July 5, 2012); *see Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.*, 81 F.Supp.3d 543, 557 (S.D. Tex. 2015) ("[f]ailure to join in removal is a procedural defect"). A § 1447(c) remand is not reviewable even if the district court's remand order was erroneous. *Heaton v. Monogram Credit Card Bank of Ga.*, 231 F.3d 994, 997 (5th Cir. 2000).

"There are three grounds for altering or amending a judgment under Rule 59(e): (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *Bourne v. 3M Co.*, No. 5:14-CV-74-DCB-MTP, 2014 WL 4847111, at *1–2 (S.D. Miss. Sept. 29, 2014) (citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). But, "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry" of the challenged ruling. *Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 240 (5th Cir. 2016) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Stark v. Univ. of S. Miss.*, 8 F.Supp.3d 825, 844 (S.D. Miss. 2014) (quoting *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000)).

1 Wheeler has not pointed to an intervening change in the law or the existence of new evidence not previously available. Thus, the only remaining basis on which 1 Wheeler may prevail is to correct a clear error of law or prevent manifest injustice.

**III**
**Analysis**

1 Wheeler advances three arguments in support of its motion for reconsideration: (1) the unanimity rule does not apply because Zackery Wheeler was not properly served with process; (2) the basis for remand was improperly raised in the reply brief supporting the motion to remand; and (3) the Court erred in remanding without accepting evidentiary submissions. The Court will address each argument in turn.

## A. Proper Service

1 Wheeler first argues:

> [R]econsideration is necessary because the Court misinterpreted substantial issues of law and fact. The Remand Order is predicated on [Zackery] Wheeler's failure to consent to removal when [Zackery] had no obligation to do so because he had not—and still has not—been properly served with process.

Doc. #53 at 7 (footnote omitted). This argument is unpersuasive.

In his motion to remand, Robinson argued that 1 Wheeler failed to comply with the unanimity requirement of the removal statute. Doc. #16 at 3–5. At that time, 1 Wheeler, as the removing party, had an affirmative duty to respond with all of its arguments supporting removal.[4] 1 Wheeler did not do so. As explained in the Court's order granting remand:

> [I]n response to Robinson's argument concerning unanimity, 1 Wheeler does not contend that the unanimity requirement is invalid, that such requirement does not apply here, that Robinson waived this argument, that Zackery's consent was unnecessary because he is a nominal party or was fraudulently joined or was not properly served with process prior to removal, or the like. Instead, 1 Wheeler's sole contention in response to Robinson's unanimity objection is that this requirement is satisfied by the written consent that was filed on August 17, 2015. Put differently, 1 Wheeler has effectively conceded that it was required to obtain Zackery's joinder or consent.

Doc. #51 at 13–14 n.9 (citations omitted). In other words, 1 Wheeler's argument that Zackery was not properly served could, and should, have been advanced in response to the motion to remand. Because it was not, the Court declines to alter its remand order based on the alleged improper service on Zackery Wheeler. *See Gassie v. SMH Swiss Corp. for Microelectric & Watchmaking Indus.*, No. CIV. A. 97-3557, 1998 WL 132763, at *1 (E.D. La. Mar. 20, 1998) (denying motion to reconsider

---

[4] *See Tilley v. Tisdale*, 914 F.Supp.2d 846, 852 (E.D. Tex. 2012) ("Removing Defendants have the burden to establish the propriety of removal. When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.") (internal quotation marks, alterations, and citations omitted).

4

where motion was based on "repetitive contentions on matters that have already been before me or arguments that might have been raised prior to judgment").

### B. Reply Brief Argument

1 Wheeler next argues that the Court improperly considered Robinson's argument that Zackery failed to consent in his individual capacity because the argument was raised for the first time in Robinson's reply brief. Doc. #53 at 8–9. This argument is also not compelling.

The Court explained its reasoning for considering Robinson's argument in the remand order:

> Robinson first articulated his argument concerning the capacity in which [Zackery] consents in his reply brief. Ordinarily, this Court does not consider arguments raised for the first time in a reply brief. However, because the removing party carries the burden of demonstrating the propriety of the removal and the lack of unanimity was raised in the timely filed motion to remand, the Court will nonetheless consider the argument.

Doc. #51 at 12 n.7 (citation omitted). The Court writes here only to further clarify this rationale.

As the removing party, 1 Wheeler carried the burden of resisting Robinson's motion to remand by establishing its "compliance with the requirements of the removal statute." *Tilley*, 914 F.Supp.2d at 852 (quoting *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F.Supp.2d 376, 382 (S.D. Tex. 2008)). Once Robinson challenged 1 Wheeler's compliance with the rule of unanimity, 1 Wheeler, to establish jurisdiction, had an obligation to demonstrate that it had complied with the rule of unanimity or that the rule somehow did not apply in this case. 1 Wheeler chose the former, arguing that it had obtained the consent of all of the defendants. As made clear in the Court's remand order:

> The rule of unanimity … requires that there be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect *and to have the authority to do so*, that it has actually consented to such action. Each defendant must consent to removal officially, affirmatively and unambiguously.

Doc. #51 at 6 (internal quotation marks, alterations, and citations omitted). This means that 1 Wheeler could only rely on a defendant's consent to the extent such defendant indicated its official,

affirmative and unambiguous consent. Thus, 1 Wheeler's duty to address the adequacy of Zackery's consent did not arise from Robinson's reply brief; rather, it arose when 1 Wheeler chose to rely on Zackery's consent in response to the motion to remand. Consequently, 1 Wheeler cannot legitimately claim that it was surprised or prejudiced in any way by the Court's consideration of Robinson's argument.

For all such reasons, the Court declines to alter its remand order based on 1 Wheeler's second argument.

### C. Evidentiary Submissions

Finally, citing *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 551 (2014), 1 Wheeler argues "the Court should have allowed evidentiary submissions on the issue of service before rending a judgment on remand." Doc. #53 at 9. This argument fails because *Dart Cherokee* is inapposite in several respects. *Dart Cherrokee* concerned a removal under the Class Action Fairness Act, which is not involved in this case.[5] Moreover, this case does not involve a dispute over the amount in controversy, which was the subject of the sole question answered in *Dart Cherokee*:

> To assert the amount in controversy adequately in the removal notice, does it suffice to allege the requisite amount plausibly, or must the defendant incorporate into the notice of removal evidence supporting the allegation? That is the single question argued here and below by the parties and the issue on which we granted review. The answer, we hold, is supplied by the removal statute itself. A statement "short and plain" need not contain evidentiary submissions.

135 S. Ct. at 551. 1 Wheeler has offered no authority interpreting *Dart Cherokee* to hold that an evidentiary hearing is always required before remanding a case, and 1 Wheeler has offered no

---

[5] *See Archibold v. Time Warner Cable, Inc.*, No. CV 15-1776 FMO JPRX, 2015 WL 3407903, at *2 n.3 (C.D. Cal. May 27, 2015) ("Defendant's reliance on *Dart Cherokee* … is misplaced. *Dart Cherokee* applies to removals under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).").

compelling reason for this Court to be the first to do so. For these reasons, the Court declines to alter its remand order based on 1 Wheeler's final argument.

## IV
## Conclusion

For the reasons above, 1 Wheeler's motion [52] for reconsideration is **DENIED**.[6]

**SO ORDERED**, this 16th day of August, 2016.

                                                **/s/ Debra M. Brown**
                                                **UNITED STATES DISTRICT JUDGE**

---

[6] For the same reasons, 1 Wheeler's alternative request for the Court to vacate its remand order and deny remand with prejudice is also denied.